UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 1 9 2009

Clerk, U.S. District and
Bankruptcy Courts

|  |  |
|---|---|
| Fred Woodrow Mauney, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **09 2182** |
| ) | |
| Eric Holder *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

Plaintiff, a resident of Peachland, North Carolina, seeks in essence to collect a reward of $100,000 from the United States Postal Service for his alleged role in the arrest and conviction of the murderer of a Postal Service employee.[1] The Court of Federal Claims has exclusive jurisdiction to "render judgment upon any claim against the United States founded [] upon . . . any Act of Congress or any regulation of an executive department, or upon any express or

---

[1] Plaintiff sues the Department of Justice, the United States Postal Service, the United States Postal Inspection Service and the respective heads of those federal entities. In addition to the reward, plaintiff seeks "compensatory damages . . . of $100,000,000.00." Compl. ¶ 13. He also seeks the issuance of arrest warrants and the empaneling of a grand jury, *id.* ¶ 14, neither of which is an available civil remedy. *See Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit*, 248 F. Supp.2d 17, 22 (D.D.C. 2003) (criminal statutes "do not convey a private right of action."); 28 U.S.C. § 547(1) (the United States Attorney "shall prosecute for all offenses against the United States").

implied contract with the United States [] for . . . damages in cases not sounding in tort, 28 U.S.C. § 1491(a)(1), and exceeding $10,000, 28 U.S.C. §1346(a)(2).

To the extent that plaintiff is seeking damages against the United States for "fraud upon the court," Compl. at 3, the claim is barred by sovereign immunity. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); 28 U.S.C. § 2680(h) (excepting "[a]ny claim arising out of . . . misrepresentation, deceit, or interference with contract rights" from recovery under the Federal Tort Claims Act). A separate order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: October 26, 2009